UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHRIS ZANETIS,                          )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )        CASE NO. 1:09-cv-0025-DFH-DML
                                        )
CALDER BROTHERS CORP.                   )
                                        )
            Defendant.                  )

ENTRY ON MOTION TO TRANSFER

Plaintiff Chris Zanetis, an Indiana citizen, sold his stock in a South Dakota corporation, Pavement Services, Inc. ("PSI"), to defendant Calder Brothers Corporation, a South Carolina corporation.  As part of the sale, Calder Brothers delivered a promissory note to Zanetis.  Zanetis has sued Calder Brothers for failing to pay on the note as required.

Calder Brothers has moved to transfer the case to the District of South Carolina, arguing that this court lacks personal jurisdiction over it.  If so, the transfer would be under 28 U.S.C. § 1406(a).  If the court finds that it does have personal jurisdiction over Calder Brothers, defendant seeks to transfer the case under 28 U.S.C. § 1404(a).  The court finds that it has personal jurisdiction over Calder Brothers but that the case should be transferred to South Carolina for the convenience of the parties and witnesses and in the interests of justice.

Defendant Calder Brothers is a manufacturer and distributor of construction paving equipment with its principal place of business in South Carolina.  It has no property in Indiana, does not maintain any offices or warehouses in Indiana, and has no employees located in Indiana.

Plaintiff Zanetis is a citizen of Indiana and was the majority shareholder of PSI, a South Dakota corporation.  The parties dispute who approached whom suggesting the sale of PSI, but after negotiations during which Zanetis traveled to South Dakota and South Carolina and representatives of Calder Brothers traveled to South Dakota – but not Indiana – Zanetis sold PSI to Calder Brothers.  Calder Brothers prepared a letter of intent and mailed it to Zanetis in Indiana.  Calder Brothers prepared documents for closing, including a stock purchase agreement, promissory note, and non-compete agreement, and delivered the documents to Zanetis in Indiana.  Zanetis signed the documents at his office in Indiana.  The closing then took place in South Carolina.

The stock purchase agreement and promissory note both provide that they are governed by the law of South Carolina.  Dkt. No. 12, Ex. A, Ex. 1, ¶ 11.6; Ex. 2 at 2.  After the sale, PSI's South Dakota operations were closed and moved to South Carolina, as was contemplated in the letter of intent.  All documents related to the sale are now located in South Carolina.

From January to October 2008, Calder Brothers sent amounts due under the promissory note to Zanetis in Indiana.  In November 2008, Calder Brothers stopped paying the full amounts due under the note on the theory that it is entitled to set-off based on alleged breaches of contract by Zanetis, such as failures to disclose warranty credits to customers that Calder Brothers must now honor.  Zanetis filed suit in an Indiana state court for breach of the promissory note.  The case was removed to federal court based on diversity jurisdiction.

Calder Brothers representatives Glen Calder, David Calder, and Cameron Calder reside in South Carolina, as do Calder Brothers employee Kimberly Foster and former employee Karen Roach.  Former PSI employees and shareholders David Thielbar, Pauline Thielbar, Benjamin Thielbar, and Adam Thielbar now reside in South Carolina, and Trevor Thielbar resides in Florida.  Plaintiff Zanetis and witness Jeff Wamsley reside in Indiana.

I.      *Personal Jurisdiction*

If venue in this district were improper, 28 U.S.C. § 1406(a) would direct the court either to dismiss the action "or if it be in the interest of justice, [to] transfer such case to any district or division in which it could have been brought."  Calder Brothers does not seek dismissal but only transfer on the ground that this court lacks personal jurisdiction over it.

A federal court in Indiana has jurisdiction over non-resident defendants in a diversity jurisdiction case only if an Indiana state court would have jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). Indiana's long-arm statute is Indiana Rule of Trial Procedure 4.4(A), which controls whether this matter would fall within the jurisdiction of an Indiana court. The rule includes a number of specific grounds for exercising jurisdiction over a defendant and includes the addition that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." The Indiana Supreme Court has explained that this language "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006). The question is "whether due process would be offended by requiring [the defendant] to answer for [its] actions in an Indiana court." *Tom Raper Homes, Inc. v. Mowery & Youell, Ltd.*, 2007 WL 1035121, at *2-3 (S.D. Ind. Feb. 9, 2007).

Personal jurisdiction may be either general or specific. See *Alpha Tau Omega Fraternity v. Pure Country, Inc.*, 185 F. Supp. 2d 951, 956 (S.D. Ind. 2002). General jurisdiction makes a non-resident defendant subject to suit within a particular forum, regardless of the subject matter of the suit, based on the defendant's continuous and systematic contacts with the forum. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Specific jurisdiction makes a non-resident defendant subject to suits in the forum only if

they arise of or are related to the defendant's contacts with a particular forum. *Id.* at 414. Specific jurisdiction may be based on relatively modest contacts with the forum so long as they have a substantial connection to the plaintiff's action. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Calder Brothers does not have the sort of continuous and systematic contacts with Indiana that would support general jurisdiction here, but specific jurisdiction is proper.

For specific jurisdiction in a commercial contract dispute of this type, due process requires that a non-resident defendant have established its contacts with the forum state by purposefully availing itself of the privilege of conducting business there. *Asahi Metal Industry Co., Ltd. v. Superior Ct. of Cal.*, 480 U.S. 102, 108-09 (1987); *Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*, 471 U.S. at 475, quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980). In other words, a defendant's conduct and connection with the forum state should be such that it should reasonably anticipate being haled into court there. *Burger King*, 471 U.S. at 474.

Here, specific personal jurisdiction is clearly proper for plaintiff's claims against Calder Brothers. Plaintiff Zanetis alleges that defendant breached a

promissory note that it delivered to him and that he held in Indiana.   Calder Brothers agreed to pay Zanetis  36 monthly installments in Indiana.   Calder Brothers actually made payments to Zanetis – in Indiana – for nearly a year before the alleged breach.   By deliberately executing the note and then delivering it to Zanetis in Indiana, Calder Brothers purposely availed itself of the privilege of conducting business in Indiana.   See *Burger King*, 471 U.S. at 473 ("We have emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities."), quoting *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950). Even without a physical presence in the state, wire and mail communications may establish minimum contacts, especially as part of an interstate commercial contract.   See *Purdue Research*, 338 F.3d at 781.   On this record, Calder Brothers had sufficient deliberate contact with the state of Indiana related to the claims in this lawsuit to support a finding of specific jurisdiction.

II.    *Transfer Under Section 1404(a)*

Although venue and jurisdiction are proper in this district, transfer to South Carolina is proper for the convenience of the parties and witnesses and in the interests of justice under 28 U.S.C. § 1404(a).  In evaluating the convenience and fairness of transfer under section 1404(a), the court must consider:  "(1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof, (4) the convenience of the witnesses, and (5) the convenience to the parties of litigating in their respective forums."  *CMG Worldwide, Inc. v. The Upper Deck Co., Inc.*, 2008 WL 4690983, at *2 (S.D. Ind. Oct. 22, 2008).  The focus for the "interest of justice" factor is on the efficient functioning of the courts.  See *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).

The plaintiff's choice of forum ordinarily is entitled to considerable weight in the transfer calculus.  *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 731-32 (7th Cir. 2003) ("strong presumption" in favor of plaintiff's choice of forum was overcome, and case was properly dismissed on grounds of *forum non conveniens* in favor of a Canadian proceeding); *FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979) (trial court must give "some weight" to plaintiff's choice of forum).  Calder Brothers argues that plaintiff's chosen venue of Indiana bears no relationship to the case other than being the home base of the plaintiff. In those situations, the plaintiff's choice is entitled to little weight.  See *Heartland Packaging Corp. v. Sugar Foods Corp.*, 2007 WL 101815, at *2 (S.D. Ind. Jan. 9,

2007) (granting transfer); *Worldwide Financial LLP v. Kopko*, 2004 WL 771219, at *4 (S.D. Ind. March 18, 2004) (same); *Aearo Co. v. Sungard Recovery Services, Inc.*, 2001 WL 619415, at *2 (S.D. Ind. May 30, 2001) (collecting cases); accord, *Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304-05 (7th Cir. 1955) (finding that district court abused discretion by denying transfer; appellate court issued writ of mandamus for transfer and stated that deference to plaintiff's freedom to select his own forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff").

This case centers on Zanetis' claim that Calder Brothers has failed to pay him amounts owed under the promissory note.  Zanetis signed the documents transferring ownership of PSI to Calder Brothers in Indiana, Zanetis held the promissory note in Indiana, and until the dispute between the parties arose, Calder Brothers sent payment to Zanetis in Indiana.  Although these connections are sufficient to support a finding of personal jurisdiction over Calder Brothers, they are outweighed by other factors that must be considered in the section 1404(a) analysis.  The connections to Indiana exist only because Indiana is Zanetis' "home base," while the substance of the transaction in dispute has much more to do with both South Carolina and South Dakota.  The court gives some weight to Zanetis' choice of forum, but it is not decisive.

Zanetis urges the court not to transfer the case because doing so would serve only to "shift the inconveniences" from Calder Brothers to him.  Pl. Br. 17,

quoting *Buztronics, Inc. v. Theory3, Inc.*, 2005 WL 1113873, at *4 (S.D. Ind. May 9,

2005) (denying transfer that would merely have shifted inconvenience from one

side to the other).  He also points out, as this court has noted:

> "Easy air transportation, the rapid transmission of documents, and the
> abundance of law firms with nationwide practices, make it easy these days
> for cases to be litigated with little extra burden in any of the major
> metropolitan areas."

*United States Schools of Golf, Inc. v. Biltmore Golf, Inc.*, 2005 WL 3022005, at *7

(S.D. Ind. Nov. 10, 2005), quoting *Board of Trustees, Sheet Metal Workers' Nat'l*

*Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000).  For these

reasons, Zanetis objects to Calder Brothers' assertion that the case should be

transferred to South Carolina because it has more witnesses out of state than

Zanetis has witnesses within Indiana.

"The convenience of the witnesses is often viewed as the most important

factor in deciding whether to transfer venue."  *CMG Worldwide, Inc.*, 2008 WL

4690983, at *4.  "Convenience considerations include . . . the number of witnesses

involved, travel distances and associated costs for these witnesses, the willingness

of the witnesses to appear, or whether the witness is within the court's reach to

compel appearance."  *Hunter v. Big Rock Transportation, Inc.*, 2008 WL 1957775,

at *2 (S.D. Ind. May 2, 2008).  The majority of the witnesses in this case live in

South Carolina, and it appears that their testimony will be indispensable.  At least

two – Pauline Thielbar, who lives in Florida, and Karen Roach, who lives in South

Carolina – are outside the control of the parties.  This consideration weighs in favor of transfer to South Carolina.

What tips the balance in favor of transfer are the facts that the underlying transaction contemplated that the operations of PSI would be moved to South Carolina,  Zanetis Aff. Ex. A-2 (Dkt. No. 37, Ex. 2), and that South Carolina law governs the parties' claims.  Zanetis sold a South Dakota business to a South Carolina business under an agreement governed by South Carolina law.   All parties expected that after the sale, all operations of the company would be moved to South Carolina.  Any inconvenience to Zanetis is outweighed by the facts that in this case, almost all of the relevant events took place in South Carolina or South Dakota, the documents and the majority of the witnesses are located in South Carolina, and South Carolina law will control.  For the convenience of the parties and the witnesses, the court grants Calder Brothers' motion to transfer this case to the United States District Court for the District of South Carolina, Greenville Division, pursuant to 28 U.S.C. § 1404(a).

So ordered.

Date:  October 9, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Richard Bernard Kaufman
DONINGER TUOHY & BAILEY LLP
rkaufman@dtblegal.com, bnighbert@dtblegal.com

Natalma M. McKnew
SMITH MOORE LEATHERWOOD LLP
tami.mcknew@smithmoorelaw.com, barbara.ballew@smithmoorelaw.com

John J. Moore
DONINGER TUOHY & BAILEY LLP
jmoore@dtblegal.com, hstephens@dtblegal.com